UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

MICHAEL ALTON HALL,  )
  )
    Plaintiff,  )
  )
v.  ) No. 4:24-CV-00048-TRM-SKL
  )
DEPARTMENT OF CHILDREN'S  )
SERVICES and SHONDA MISHLEK,  )
  )
    Defendants.  )

# REPORT AND RECOMMENDATION

This case is filed pro se and without prepayment of fees by Plaintiff Michael Hall. Plaintiff initiated this case in June 2024 by filing a complaint [Doc. 2] and an application to proceed *in forma pauperis* ("IFP") [Doc. 1 & Doc. 8]. On July 22, 2024, the Court entered an Order finding Plaintiff lacked sufficient financial resources to pay the filing fee and granting Plaintiff's IFP application [Doc. 9].

In the July 22 Order, the Court also explained its responsibility under 28 U.S.C. § 1915(e)(2) for screening all actions by plaintiffs seeking IFP status and dismissing any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) (citations omitted), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *Johns v. Maxey*, No. 2:07-CV-238, 2008 WL 4442467 *1 (E.D. Tenn. Sept. 25, 2008) (Greer, J.) (citations omitted). The Court explained the applicable standards and addressed at least some of the reasons why the claims set forth in Plaintiff's complaint were deficient.

The Court concluded Plaintiff's claims were subject to dismissal as drafted, but that he should be given a chance to amend. Plaintiff was ordered to file an amended complaint by no later than August 16, 2024. He was explicitly warned that the failure to timely file an amended complaint or to state a claim over which this Court has jurisdiction in that amended complaint would result in dismissal of this action. *See* Fed. R. Civ. P. 41(b); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Nevertheless, Plaintiff failed to timely file an amended complaint.

It is not necessary to repeat the analysis from the July 22 Order addressing the deficiencies with Plaintiff's claims as alleged in the complaint. It suffices to note that even when Plaintiff's allegations are construed liberally, as the Court is required to do for pro se litigants, Plaintiff has failed to state a claim over which this Court has jurisdiction as set forth in the July 22 Order. Plaintiff has now missed the deadline for filing an amended complaint, despite being specifically warned that his case would be dismissed unless he amended his claims.

Accordingly, for the reasons stated in the July 22 Order and due to Plaintiff's failure to comply with the July 22 Order, *see* Fed. R. Civ. P. 41(b), I **RECOMMEND**[1] that Plaintiff's complaint [Doc. 2] be **DISMISSED** and this case **CLOSED**.

---

[1] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

ENTER:

*s/ Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE